Jessica E. BRONDER, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commis-
sioner of Social Security, De-
fendant—Appellee.

No. 03–35955.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 28, 2005.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

John E. Seidlitz, Jr., Esq., Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

Before: B. FLETCHER, MCKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM **

Jessica Bronder appeals the decision denying her application for disabled child's benefits and Social Security disability benefits. Bronder argues the administrative law judge ("ALJ") erred in discrediting her statements, discounting the findings of her treating physicians, concluding her impairments did not satisfy Listing of Impairments § 12.02, 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.02, and relying on the testimony of a vocational consultant.

### A. Credibility

■ The ALJ's credibility determination was not in error; he made specific findings based on Bronder's inconsistent statements. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir.1997). For instance, the ALJ correctly noted that at the January 1999 hearing Bronder stated she left her job as a scrapper because of her physical condition, but in December 1997 stated that the job ended because it was the end of the season.

### B. Treating physician testimony

■ The ALJ erroneously disregarded the opinion of Bronder's treating physi-

cian, Dr. Gorsuch. "If the ALJ chooses to disregard a treating physician's medical opinion, he must set forth specific, legitimate reasons for doing so, and this decision itself must be based on substantial evidence." *Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir.1986). The ALJ's conclusory explanation does not satisfy the specificity requirement. The ALJ concluded that "[m]ost of the examining or treating physicians state that she can sustain work if work is tailored to fit her needs" without naming any doctors specifically. This approach might not have amounted to error had all the doctors' findings been consistent with the ALJ's determination that Bronder could work, but they were not. Dr. Gorsuch stated that Bronder "would have a hard time doing that [holding down a job]."

Bronder's argument that the ALJ erroneously disregarded the findings of James English, Hillary Maxwell, Jack Hornby, and Mark H. Johnson fails because she does not demonstrate their findings and conclusions contradicted the ALJ's evaluation.

### C. Listing of impairments

■ The ALJ did not err in concluding that Bronder did not meet the requirements of Listing of Impairments § 12.02. Bronder did not establish that she suffers from a severe memory impairment under Part A. Given the ALJ's adverse credibility finding, Bronder's testimony on this point need not be credited. None of Bronder's doctors stated she suffered from memory loss. Also, the record is bereft of evidence that she suffered a loss of 15 I.Q. points. Even had the evidence presented by Dr. Gorsuch been properly weighed, it would not have undermined the ALJ's conclusion Bronder did not qualify under the Listings.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### D. Vocational expert testimony

The ALJ erred in relying on the testimony of the vocational expert. We have held that "[h]ypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant," and that "[i]f the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988). Here, because the ALJ did not properly weigh and distinguish the testimony from various medical professionals, the factual foundation of the vocational expert's testimony was flawed.

REVERSED and REMANDED with directions that the ALJ's decision be vacated and the case be further remanded to the Commissioner.